**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Wendell Ishmon, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 4:11-cv-652-RWS |
| | ) | |
| St. Louis Board of Police Commissioners, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| John Chasnoff, | ) | |
| | ) | |
| Intervenor-Defendant. | ) | |

**INTERVENOR-DEFENDANT'S MEMORANDUM**
**IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

Intervenor-Defendant, John Chasnoff ("Chasnoff"), respectfully requests that this Court deny the Motion for Remand to State Court (Doc. # 12).  Plaintiffs assert remand is appropriate under 28 U.S.C. § 1447 because of alleged defects in the notice of removal.  They also request attorneys' fees.  Chasnoff opposes the motion.

**I.  Background**

Chasnoff requested certain public records from the St. Louis Board of Police Commissioners ("the Board").  The Board denied the request by claiming that the records were exempt from disclosure under the Missouri Sunshine Law, Mo.Rev.Stat. §§ 610.101 *et seq*.  Chasnoff sued the Board; the Board lost.  The records are open under the Sunshine Law.

After the Board decided not to appeal, the Plaintiffs in the *instant* case moved to intervene for the purpose of appealing the state court judgment.  Their appeal was dismissed after the Court of Appeals determined they should not have been permitted to intervene.  The Court of

1

appeals made clear that there was no justiciable issue under the Sunshine Law between the

Plaintiffs in the *instant* case.  Even if the records at issue are personnel records, as Plaintiffs

claim, the Board has discretion to treat them as open records.

The Board remains subject to a state court judgment requiring it to comply with the

Sunshine Law although, as a courtesy, Chasnoff agreed to the continuance of a stay of the

judgment until May 11, 2011, at noon, to afford Plaintiffs an opportunity to seek any injunctive

relief to which they might be entitled.  Plaintiffs did not obtain (or even seek) an injunction, but

the stay was extended until May 20, 2011.

This case seeks to prevent the Board from complying with the final judgment entered

against it in the case brought by Chasnoff.  This case commenced in state court.  On its face, the

petition asserts: "Plaintiffs have both a legally protected privacy interest in their personnel

records as well as constitutional protection in their *Garrity* statement and other individually

identifiable disciplinary records under the Fourth, Fifth, and Fourteenth Amendments to the U.S.

Constitution." Doc. # 2 at p. 2.  The named officers and anonymous plaintiffs complain that the

records include, "recordings of compelled interrogations of individual officers and 'seized'

statements from individual police officers under the constitutional protections afforded by

*Garrity v. New Jersey*, 385 U.S. 493, 87 S. Ct. 616 (1976)." *Id.*  Their petition also asserts:

"Plaintiffs have legally protected privacy interests as well as constitutional protections against

disclosure of *Garrity* statements under the U.S. and Missouri Consitutions[.]" *Id.* at p. 4.  As

relief, Plaintiffs seek, *inter alia.*, a declaration that they have "a constitutionally protected right

under *Garrity v. New Jersey* that their compelled statements [not be] subject to disclosure[.]" *Id.*

at pp. 4-5.  In addition, the petition seeks to rehash the repeatedly rejected arguments that the

records are "closed" under the Sunshine Law.

The Board had not been served when this case was removed to federal court. The Board has failed to file a timely answer or other responsive pleading. Chasnoff has moved to realign the parties. (Doc. # 16).

Plaintiffs have moved to remand this case to state court. (Doc. # 12). They claim, "Remand of this action is proper pursuant to 28 U.S.C. § 1447(c) due to: (1) District Court's lack of subject matter jurisdiction in that the lawsuit does not involve a federal question; (2) This claim is inextricably connected to another pending state suit not subject to federal jurisdiction; and (3) The notice of removal is procedurally defective for lack of consent of all defendants to removal." *Id.* at p. 2. None of the claims provide a basis for granting Plaintiffs' motion to remand; thus, the motion should be denied.

## II.   Argument

"The removal of a civil action from State to federal court, and the procedures relating thereto, are creatures of statute. … The determination, then, of whether this Court may properly exercise removal jurisdiction in any given cause is one of statutory interpretation." *Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1043 (E.D. Mo. 2005)(internal citations omitted).

### A.  This Case Involves a Federal Question

A federal question arises in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983). Removal of a state court action to federal court is "appropriate if the suit could have been brought in federal district court, as 'founded on a claim or right arising under the Constitution, treaties or laws of the United States.'" *Nahas & Co., Inc. v. First National Bank of Hot Springs,* 930 F.2d 608, 611 (8th Cir.1991) (quoting 28 U.S.C. § 1441(b)). "[T]he propriety of removal to federal court depends

on whether [plaintiff's] claim comes within the scope of the federal court's subject matter

jurisdiction." *Baker Electric v. Otter Tail Power Co.,* 116 F.3d 1207, 1213 (8th Cir.1997)

(quoting *Peters v. Union Pacific R.R. Co.,* 80 F.3d 257, 260 (8th Cir.1996)).

There is no "single, precise, all-embracing" test for jurisdiction over federal issues

embedded in state-law claims between nondiverse parties. *Christianson v. Colt Industries*

*Operating Corp.,* 486 U.S. 800, 821 (1988) (Stevens, J., concurring).[1]  Certainly, removal to

federal court is available where the removed case could have been filed in federal court

originally as a civil action arising under the Constitution, laws, or treaties of the United States.

*See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997).  "There is, however,

another longstanding, if less frequently encountered, variety of federal 'arising under'

jurisdiction … [I]n certain cases federal-question jurisdiction will lie over state-law claims that

implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.,*

545 U.S. 308, 312 (2005).  The Supreme Court has adopted "the commonsense notion that a

federal court ought to be able to hear claims recognized under state law that nonetheless turn on

substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope

of uniformity that a federal forum offers on federal issues[.]" *Id.*  To remove a case to federal

court, the federal right implicated "must be such that it will be supported if the Constitution or

laws of the United States are given one construction or effect, and defeated if they received

another." *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112 (1936).

Removal is available in this case under any applicable standard.  "It is long settled law

that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint

raises issues of federal law. … The 'well-pleaded complaint rule' is the basic principle marking

the boundaries of the federal question jurisdiction of the federal district courts."  *Metropolitan*

---

[1]        As explained, *infra.*, there is no actual, non-frivolous state-law claim in this case.

*Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)(internal citations omitted).  In other words, this

court has removal jurisdiction where a question of federal law appears on the face of the petition.

In this case, Plaintiffs' petition repeatedly invokes the protection of the federal constitution (as

Plaintiffs interpret it).  Plaintiffs ask for a declaration of their right to prevent the Board from

complying with a state law requiring it to disclose records in which Plaintiffs assert privacy

rights under the Fourth, Fifth, and Fourteenth Amendments. They also claim that a privacy

interest is implicit in *Garrity*, a case about rights under the federal constitution.  This Court has

original jurisdiction over the federal claims in Plaintiffs' action pursuant to 28 U.S.C. §§ 1331

and 1343(a)(4). The fact that Plaintiffs have also invoked provisions of Missouri law does not

require remand of this action because any claims under Missouri law are within this Court's

supplemental jurisdiction. 28 U.S.C. § 1367(a).

Although Plaintiffs protest that, despite the face of their petition, their claim arises only

under Missouri's Sunshine Law, there is no non-frivolous state-law claim here.[2]  "A party's

claim that a government agency is required to close records is not a claim under the Sunshine

Law, which specifically prohibits such claims."  *Chasnoff v. Bd. of Police Com'rs*, 334 S.W.3d

147 (citing Mo. Rev. Stat. § 610.022.4).[3]  Where, as here, parties seek "to assert … their personal

privacy and property interests in the documents sought to be disclosed[,] … it is an independent

---

[2]      In support of remand, Plaintiffs insist they "are requesting equitable relief pursuant to §
610.030 RSMo 610.030."  Doc. # 13 at p. 5.  Section 610.030 is a provision allowing
"jurisdiction to issue injunctions to enforce the provisions of sections 610.010 to 610.115." Mo.
Rev. Stat. § 610.030.  Sections 610.010 to 610.115 are provisions of the Missouri Sunshine Law.
Plaintiffs also assert, "A careful reading of the plaintiffs' pleadings in the state court clearly
indicates that the relief sought is pursuant to the Missouri Sunshine Law § 610.021 et seq.
RSMo." Doc. # 13 at p. 6.

[3]      The Court of Appeals' declaration regarding the Sunshine Law claim Plaintiffs seek to
assert came in a case involving the same parties, the same records, and the same Sunshine Law
claims.  Plaintiffs did not appeal from the Court of Appeals' decision, and their time for doing so
has expired.

5

action that must be based on the assertion of rights under a different statute or constitutional

provision." *Id.* (citing 20A Mo. Prac. Administrative Practice & Procedure § 15:9, 583 n. 7 (4th

ed.2006)).  Other than the Sunshine Law, which is not applicable to Plaintiffs' cause of action,

the only different statute or constitutional provisions specified on the face of the state court

petition are the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.[4]

Besides the fact that Plaintiffs have no cause of action for the relief they seek under the

Missouri Sunshine Law, there is, as a matter of law, no conflict under the Sunshine Law between

Plaintiffs and the Board.  For purposes of the Missouri Sunshine Law, the records at issue are

part of an investigative report, not personnel records.[5]  But, even assuming that the records at

---

[4]    The petition does make a non-specific reference to the Missouri Constitution. There is no state constitutional right to privacy implicated by this case because at the time the constitution was adopted, there was a common law right of access to the records at issue. *See State ex rel. Eggers v. Brown*, 134 S.W.2d 28 (Mo. 1939);  *Disabled Police Veterans Club v. Long*, 279 S.W.2d 220, 223 (Mo.Ct.App. 1955)(the public has a common law right to access all records kept by public officials in discharging their duties).  The specific references to the federal Bill of Rights dominate the petition and are separate claims from any possible claim under the Missouri Constitution.

[5]    "It is the fundamental policy of the Missouri Sunshine Law to foster openness in government." *Bauer v. Kincaid*, 759 F. Supp. 575, 581 (W.D. Mo. 1991).  Addressing *exactly the type of records* at issue in this case—records created by a police department's internal affairs division as part of an investigation— Judge Limbaugh, writing for a unanimous Missouri Supreme Court, explained:

> At first glance, the records in this case appear to qualify both as incident and investigative reports under section 610.100, which are open records, and as "personnel records," or records containing "information relating to the performance or merit of individual employees" under section 610.021, which are records that may be closed. However, the permissive closure available in section 610.021 is qualified by its own terms, that is, records may not be closed under that section "to the extent disclosure is otherwise required by law." Where, as here, a specific statute requires disclosure of a specific type of public record, section 610.021 may not be relied on to maintain closure, although it would otherwise apply.

issue in this case were personnel records, Plaintiffs have no cause of action under the Sunshine Law to prevent the Board from treating them as open records. The closure of personnel records is *permissive* as far as the Sunshine Law is concerned. *Guyer*, 38 S.W.3d at 414; *Chasnoff v. Bd. of Police Com'rs*, 334 S.W.3d 147 (Mo. Ct. App. 2011)("Section 610.021 is 'permissive,' because it describes records that *may* be closed. Nothing in section 610.021 mandates the closure of records." (internal citation omitted)).

Even if a cause of action was available under the Sunshine Law to mandate closure of records, the Plaintiffs in this case cannot challenge, under the Sunshine Law, the Board's release of the records. As the Court of Appeals explained:

> In this case, plaintiff sought an order compelling the Board to disclose the records under the Sunshine Law. The issue was whether, given the Board's original decision not to disclose the records, the court could order the Board to disclose them. However, the Sunshine Law does not prohibit the Board from disclosing the records. The Board has always had the authority and discretion to disclose the documents under the Sunshine Law. It has announced its intention to comply with the trial court order and disclose the files, and it has, in fact, not filed an appeal from that order.

> Furthermore, in cases like this, where more than one provision of chapter 610 applies to a record, the decision to open or close the record must be informed by the express public policy stated in section 610.011.1, which is that all records of public governmental bodies are presumed to be open records and that the exceptions in sections 610.010 to 610.028, including those in section 610.021, are to be strictly construed to promote that policy. In effect, section 610.011.1 should be used as a tiebreaker in favor of disclosure when records fit equally well under two specific but opposite provisions of the Sunshine Law.

*Guyer v. City of Kirkwood*, 38 S.W.3d 412, 414 (Mo. 2001). The state court has reached the same conclusion regarding *exactly the records* at issue in this case. *Chasnoff v. Bd. of Police Com'rs*, 2010 WL 3073736 (Mo.Cir. April 12, 2010).

*Chasnoff v. Bd. of Police Com'rs*, 334 S.W.3d 147.  The order allowing these Plaintiffs to intervene was reversed, and their appeal denied, because they lacked any standing under the Sunshine Law to prevent the Board from disclosing the records.  The Court of Appeals held,

> [I]ntervenors' proposed appeal would be confined to the question resolved by the trial court—that is, whether the documents sought by plaintiff were required to be disclosed under the Sunshine Law, or whether they were "personal information" or personnel records that the Board was authorized to close.  A hypothetical reversal on this issue would not have any practical effect on intervenors' claims that such documents could not be disclosed, because such a reversal could not compel the Board to close records that it is not required to close under sections 610.021 and 610.022.4.

*Id.*  Simply put, Plaintiffs cannot advance in this case their proposed argument that disclosure of the records is prohibited under the Sunshine Law for the precise reasons that they could not advocate the same arguments regarding the same records in their unsuccessful appeal.

Because the only non-frivolous cause of action in this case is for relief under the federal constitution, this Court has subject matter jurisdiction.  To the extent Plaintiffs might also seek relief under the Missouri Constitution, the federal questions predominate and this Court has supplemental jurisdiction over such a claim.  This Court also has supplemental jurisdiction over any purported Sunshine Law claim.

### B.  Remand Not Required By Existence of Related Case

Plaintiffs suggest that removal might be defective because of an already concluded case in state court.   Plaintiffs are referring to *Chasnoff v. Bd. of Police Comnr's*, No. 0722-CC07278.  Final judgment in the case was entered on June 7, 2010.  Contrary to Plaintiffs' assertions, the Court of Appeals did *not* remand to the circuit court.  The order permitting them to intervene was reversed, and their appeal was dismissed.  The time for post-judgment motions or appeal by parties to the case has long expired.  The case is over.  There is no opportunity for the issues raised in the petition to be further litigated in that case.

8

Plaintiffs' motion is cloaked in terms of a lack of subject matter jurisdiction and defective removal; however, the single case they cite on this point is about abstention. Plaintiffs allude to the *Rooker-Feldman* abstention doctrine, under which "a federal claim is inextricably intertwined with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." *In Re Knapper*, 407 F.3d 573, 581 (3rd Cir. 2005)(citations omitted). The *Rooker-Feldman* doctrine was recently clarified by the Supreme Court in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280 (2005). In that case, a dispute over royalty agreements prompted the parties to file separate suits involving the same claims and defenses in state and federal court. Despite the presence of parallel litigation, the Supreme Court held that the *Rooker-Feldman* doctrine is "not triggered simply by the entry of judgment in state court. This court has repeatedly held that the pendency of an action in state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." *Exxon Mobil,* 544 U.S. at 292. Where there is parallel litigation, "a federal court may be bound to recognize the claim-and-issue preclusive effects of a state court judgment but federal jurisdiction over a state court action does not terminate automatically on the entry of judgment in the state court." *Id.* at 293.[6] *See also Lance v. Dennis*, 546 U.S. 459, 466 (2006) (stating that the *Rooker-Feldman* doctrine "only applies in limited circumstances where party in effect seeks to take an appeal of an unfavorable state-court decision

---

[6] The Court also noted that the doctrine did not regularly require dismissal. "Since *Feldman*, this court has *never* applied *Rooker-Feldman* to dismiss an action for want of jurisdiction. The few decisions that have mentioned *Rooker* and *Feldman* have done so only in passing or to explain why those cases did not dictate dismissal." *Exxon Mobil*, 544 U.S. at 287 (emphasis added).

to lower federal court.")[7]  "In *Exxon-Mobil*…[the Supreme Court] warned that the lower courts have at times extended *Rooker-Feldman* far beyond the contours of the *Rooker-Feldman* cases, overriding Congress's conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts[.]"  *Lance*, 546 U.S. at 464.

Plaintiffs' claim of parallel litigation lacks merit.  None of the possible problems from parallel litigation exist because the state court judgment in the *Chasnoff* case is final and an evaluation of that judgment has not been sought in federal court.  Even assuming, *arguendo*, the *Chasnoff* case could be viewed as parallel litigation, then issue and claim preclusion will govern how this case is addressed in federal court, not abstention.  Thus, the *Rooker-Feldman* doctrine does not apply to this case.

Plaintiffs might also be suggesting that *Younger* abstention is appropriate.  Such a claim would lack merit.  Under *Younger* "a federal court should abstain whenever it determines that (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims."  *Mann v. Conlin*, 22 F.3d 100, 105 (6th Cir. 1994) (citing *Younger v. Harris*, 401 U.S. 37 (1970)).

First, there are no state proceedings pending.  The Eight Circuit has explicitly stated that "a parallel state proceeding is a prerequisite to the use of the... [*Younger* abstention]…factors." *In Re Burns*, 54 F.3d 475, 477 (8th Cir. 1995).  For abstention to apply there must be an ongoing state action in favor of which to abstain.  *Id.  See also Noonan South Inc. v. Volusia*, 841 F.2d 380 (11th Cir. 1988)(holding that action was no longer pending in state court once plaintiff

---

[7] The court further explained the narrow nature of the doctrine.  "In *Exxon-Mobil*…we warned that the lower courts have at times extended *Rooker-Feldman* far beyond the contours of the *Rooker-Feldman* cases, overriding Congress's conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts…"  *Lance*, 546 U.S. at 464.

removed state court action to federal court despite defendant's pending motion to dismiss in state court); *Hayse v. Wethington*, 110 F.3d 18, 21 (6th Cir. 1997)(explaining that even where an injunction is considered pending in state court, the *Younger* abstention doctrines would not be satisfied where the issue in federal court is not inextricably tied up with remedy fashioned in state court because there would be no danger of federal court enjoining enforcement of state proceeding).

Here, contrary to Plaintiffs' contention that the Missouri Court of Appeals remanded the *Chasnoff* case to the Circuit Court, the Court of Appeals in fact disposed of the case—reversing in part and dismissing the appeal.  The Court of Appeals did not remand.  While execution of the state court judgment has been stayed temporarily to afford Plaintiffs an opportunity to seek relief in an independent action, any consideration of the merits in the *Chasnoff* case is over.  The Circuit Court loses jurisdiction to vacate, reopen, correct, amend, or modify its judgment thirty days after its entry.  *State ex rel. Nixon v. Bowers*, 221 S.W.3d 463, 465-66 (Mo. Ct. App. 2007).

The stay order temporarily preventing enforcement of the final judgment in *Chasnoff* does not convert the concluded case into an "ongoing state proceeding."  The merits of the case have been fully and finally adjudicated.  There is no mechanism by which the case can be opened again for a re-examination of the merits.

This case fails to meet the second prong of the *Younger* abstention doctrine.  It is well settled that "the doctrine of abstention…is an *extraordinary and narrow exception* to the duty of a District Court to adjudicate a controversy properly before it.  Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest."  *Col. River Water Conservation Dist. v. United States*, 426 U.S. 800, 813 (1976) (emphasis added).  *See also FDIC v. Four Star Holding Co.*, 178 F.3d 97, 101 (2nd Cir. 1999)

(federal court's discretion in deciding to abstain "must be exercised within narrow and specific limits prescribed by particular abstention doctrine involved, there is little or no discretion to abstain in case which does not meet traditional abstention requirements"); *Moses Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983) (pendency of an action in state court is no bar to proceedings concerning same matter in federal court having jurisdiction because federal courts have virtually unflagging obligation to exercise jurisdiction given to them)(citations omitted)).  In addition to there being no ongoing state court proceeding, there is no important state interest for Plaintiffs to raise.  As explained, *supra.*, Plaintiffs cannot assert a claim under the Sunshine Law that records must be closed.  The only specific claims remaining are questions of federal law, requiring interpretation of the Fourth, Fifth, and Fourteenth Amendments.

The third prong for *Younger* abstention is also not satisfied.  Plaintiffs must demonstrate that the state proceeding will afford an adequate opportunity to raise constitutional claims.  To begin with, Plaintiffs' are not parties to the *Chasnoff* case, so they cannot raise any claims in the case.  Even so, Plaintiffs' constitutional issues cannot be addressed because the judgment is final and that court lacks jurisdiction to revisit its judgment.

None of the other abstention doctrines apply to the facts of this case.

There is no basis for abstention in this case.  Even if this Court were to ultimately conclude that abstention would be appropriate, it would not indicate a lack of subject matter jurisdiction or a defect in Chasnoff's notice of removal.  Accordingly, the existence of the *Chasnoff* case in state court is not a basis for granting Plaintiffs' motion for remand to state court.

C.  The Notice of Removal Was Not Rendered Defective By The Rule of Unanimity

12

The failure of the Board to consent to removal does not support Plaintiffs' motion for remand because: (a) the parties should be realigned for jurisdictional purposes; (b) the Board is a nominal party in this case; and (c) the consent of unserved defendants need not be obtained to effectuate removal.  Any of one of these reasons is sufficient to defeat Plaintiffs' motion for remand to state court.

### 1.   The Parties Should be Realigned

Chasnoff has previously filed a motion to realign the parties, with supporting memorandum, because Plaintiffs and the Board have the same interests in this case.  (Doc. # 16, 17).  The motion and memorandum are incorporated herein by reference.  Plaintiff will file a reply memorandum on May 14, 2011.  For the reasons explained in the memoranda, the Board should be realigned for the purpose of determining unanimity.

### 2.   The Board is a Nominal Party

There is a final judgment that requires the Board to produce the records Plaintiffs seek to require the Board to keep secret.  The Board is merely a formal party to this suit.  The joinder of "formal parties, or nominal parties, or parties without interest, united with the real parties to the litigation, cannot oust the federal courts of jurisdiction[.]" *Wood v. Davis*, 59 U.S. 467, 469 (1855).  Thus, nominal defendants, or those against whom no real relief is sought, are not required to join in the petition for removal. *Pecherski v. General Motors Corp.,* 636 F.2d 1156, 1161 (8th Cir.1981).  The presence of nominal parties has no controlling significance for removal purposes. *Bradley v. Maryland Cas. Co.* 382 F.2d 415, 419 (1967). A party will be considered to be a nominal party "if there is no reasonable basis for predicting that the party will be held liable" in the matter. *Bejcek v. Allied Life Fin. Corp.,* 131 F. Supp. 2d 1109, 1112 (S.D. Iowa 2001).

13

On its face, the petition seeks to prevent the Board from complying with a judgment.  The judgment came in the case despite the fact that the Board fought vigorously against it. To the extent the Board's interest in the *instant* case diverges in any way from Plaintiffs' interests, its interest is only in whether it will comply with a judgment, or not.  The Board action that Plaintiffs seek to enjoin is a ministerial function: producing records in accordance with state law (and a judgment).  As a matter of law, the Board has nothing at stake in this litigation. *Walden v. Skinner*, 101 U.S. 577, 589 (1880) (executor joined to perform the ministerial act of conveying title was a nominal party); *Bacon v. Rives,* 106 U.S. 99 (1882) (executor with no personal interest in the outcome  named only so court might later grant relief as to the estate assets was a nominal party).

The Board is named as a Defendant in this case only as a holder of the records at issue. "[A]lthough a nominal party may possess the object of the litigation, it does not have a personal interest in who wins the suit.  Conversely, a party whose personal interests are directly and substantially affected by the outcome of a suit, is not a nominal or formal party."  *Birnbaum v. SL & B Optical Centers, Inc.*, 905 F. Supp. 267, 270-71 (D. Md. 1995).  The Board possesses the records, but it has no personal interest in them.

### 3.   Lack of Consent From Unserved Parties Does Not Render a Notice of Removal Defective

"It is well recognized that the consent of unserved defendants need not be obtained to effectuate removal." *Xgel Tech., LLC v. C.I. Kasei Co., Ltd.*, 4:09CV540 RWS, 2009 WL 1576837 (E.D. Mo. June 3, 2009)(citing *Roberts,* 354 F.Supp.2d at 1043-44; *Jones v. Kremer,* 28 F.Supp.2d 1112, 1113 n. 2 (D.Minn.1998)).  The "'rule of unanimity' … requires all defendants who have been *served prior* to removal to join in the removal petition or clearly and unambiguously communicate to the court their consent to the removal within thirty days of

service upon them." *Id.* (emphasis in original)(citing *Marano Enterprises of Kan. v. Z-Teca Rests., L.P* ., 254 F.3d 753, 757 (8th Cir.2001); *Amteco, Inc. v. BWAY Corp.,* 241 F.Supp.2d 1028, 1030, 1032 (E.D.Mo.2003) (in turn citing *Thorn v. Amalgamated Transit Union,* 305 F.3d 826, 832 (8th Cir.2002); *Ross v. Thousand Adventures of Iowa, Inc.,* 178 F.Supp.2d 996 (S.D.Iowa 2001))).

Plaintiffs have moved to remand on the basis of the Board's lack of consent to removal. This case was removed on April 13, 2011.  (Doc. # 1).  The Board was not served until April 18, 2011.  Doc. #14-1 at ¶ 4.  Chasnoff addressed the service of other defendants in his notice of removal.  It was not necessary for Chasnoff to obtain the consent of unserved defendants.  The lack of consent is not a defect to the removal proceeding that would justify granting Plaintiffs' motion for remand to state court.  The notice of removal on April 13, 2011, therefore, was not procedurally flawed.  No subsequent procedural action in this case has destroyed the properly invoked removal jurisdiction of this Court.  "[O]nce a case has been properly removed the subsequent service of additional defendants who do not specifically consent to removal does not require or permit remand on a plaintiff's motion." *Roberts*, 354 F. Supp. 2d at 1045(citing *Lewis v. Rego Co.*, 757 F.2d 66, 69 (3d Cir. 1985)).

Because the absence of consent of an unserved defendant cannot be a defect at the time of removal, it is not the proper basis for a Plaintiffs' motion for remand to state court.

III.    Plaintiffs' Request for an Award of Attorney's Fees

Plaintiffs request an award of their attorney's fees.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Plaintiffs' request for an award of their attorney's fees should be denied.

15

Respectfully submitted,

AMERICAN CIVIL LIBERTIES UNION OF
  EASTERN MISSOURI

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827MO
Grant R. Doty, #60788MO
454 Whittier Street
St. Louis, Missouri 63108
PHONE: 314/652-3114
FAX: 314/652-3112
tony@aclu-em.org
grant@aclu-em.org
**ATTORNEYS FOR INTERVENOR-DEFENDANT**

16

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing was served upon all counsel of record by operation of the Court's ECF/CM system on May 13, 2011.

<u>/s/ Anthony E. Rothert</u>