UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WENDELL ISHMON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:11CV652 RWS |
| | ) |
| ST. LOUIS BOARD OF POLICE | ) |
| COMMISSIONERS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiffs in this matter are St. Louis police officers who seek to stop the release of documents from an internal police investigation of the use of seized World Series tickets. This action originated in the Circuit Court for the City of St. Louis, Missouri. Intervener-Defendant John Chasnoff removed the case to this Court based on federal question jurisdiction. Plaintiffs seek to have the case remanded to state court. I will grant the motion to remand based on a lack of subject matter jurisdiction.

*Background*

At the 2006 World Series held in St. Louis, officers of the St. Louis Metropolitan Police Department arrested an individual for scalping tickets. The police seized tickets and money that were in his possession. Allegations arose that police officers used the seized tickets rather than turning the tickets into the Police Department as evidence.

The Police Department's Internal Affairs Department ("IAD") conducted an investigation into the allegations. Although the Circuit Attorney for the City of St. Louis determined that there was no evidence of a crime, the Board of Police Commissioners (the "Board") concluded that

some officers had violated department rules and these officers were disciplined by demotion, suspension, and reprimand.

After the IAD closed its investigation, a local citizen, John Chasnoff, filed a request for the IAD files under the Missouri Sunshine Law, § 610.021 *et seq.* R.S.Mo. The request was denied by the Board because the information was deemed to be a closed record under § 610.021 and § 610.100 R.S.Mo. Chasnoff responded by filing a petition in the Circuit Court for the City of St. Louis Missouri seeking a court order prohibiting the Board from withholding the incident and investigative reports of the matter contained in the IAD's files.

On December 11, 2009, the state court ordered the Board to provide Chasnoff with the full investigative file of both the criminal and "administrative" IAD investigations. The Board moved to have the judgment amended asserting that the administrative IAD investigation file should not be disclosed because it was a closed record and was related to internal police officer discipline. On May 21, 2010, the state court again compelled the release of the full IAD criminal and administrative investigative files.

On May 24, 2010, the plaintiffs in the present case, who are individual police officers, filed a motion to intervene in the state case for the purpose of appealing the state court's judgment. The officers asserted that they had privacy rights and property interests in their statements found in the IAD files, that their property interests were not adequately protected by the Board, and that the disclosure of those statements would cause irreparable harm. At a hearing of the motion to intervene, the Board's counsel stated that the Board did not have standing to raise the privacy concerns of the individual officers and that the Board did not intend to appeal the court's judgment and intended to turn over the records making up the investigative

file. On June 7, 2011, the state court granted the officers' motion to intervene but only for the purpose of appealing the court's judgment. On July 14, 2010, the court issued a stay order staying the disclosure of fifty-nine items identified in a log which the individual officers sought to prevent from being disclosed.

Chasnoff and the individual officers appealed. The Board did not. On February 22, 2011, the Missouri Court of Appeals reversed the circuit court's decision to allow the individual officers to intervene in the case. Chasnoff v. Board of Police Commissioners, 334 S.W.2d 147, 152 (Mo. Ct. App. 2011). The court of appeals stated that Plaintiff Chasnoff had sought and been granted a judgment which ordered the Board to release documents under the Sunshine Law. The court pointed out that the Sunshine Law does not prohibit the Board from disclosing the records at issue and always has the authority to do so. Id. at 151. The court noted the Board's intention to comply with the circuit court's order to disclose the records at issue and that the Board did not seek an appeal. The court concluded that, with the dismissal if the interveners, the appeal was moot. Id.

The court of appeals also determined that the intervener officers' claims were not based on the Sunshine Law. The officers claimed that they had "privacy and property rights in records held by the Board that mandate closure of those records [which] would be an independent cause of action against the Board to keep it from disclosing the records." Id. at 152. Because these issues were not raised or litigated in the circuit court, the court of appeals found that the circuit court erred in allowing the officers to intervene in the case for the purpose of filing an appeal.

The officers responded by filing the present case on April 8, 2011, in the Circuit Court of St. louis, Missouri, Cause No. 1122-CC01598, seeking a declaratory judgement and a

preliminary and permanent injunction. The officers sought an order enjoining the Board from ever releasing the documents at issue. The circuit court allowed Chasnoff to intervene in the case as a defendant. Chasnoff asserts that any decision in the case may impair or impede the ruling directing the Board to disclose records that he received in the previous case.

After being joined in the case Chasnoff removed the case to this Court asserting federal question jurisdiction under 28 U.S.C. § 1441. Chasnoff asserts that the officers are seeking equitable relief under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

Plaintiffs seek to remand the case. They assert that federal question jurisdiction is lacking because although the petition mentions those constitutional amendments, the request for relief is based solely on state law under § 610.021 *et seq.* R.S.Mo. In addition, Plaintiffs note that Defendant Board has refused to consent to the removal of the case.

*Legal Standard*

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Id.

Whether a claim arises under federal law is determined by reviewing a petition under the well-pleaded complaint rule. That rule provides that federal jurisdiction exists when a federal question is presented on the face of a plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A claim arises under federal law if federal law creates the

cause of action in the complaint or if the vindication of a right under state law necessarily turns on some construction of federal law. Merrell Dow Pharmaceuticals inc. v. Thompson, 478 U.S. 804, 808 (1986).

*Discussion*

Plaintiffs assert, and a review of their state court petition confirms, that they seek relief solely under state law, § 610.021 *et seq.* R.S.Mo., and not under any federal constitutional amendment.[1] The Supreme Court held that the appropriate test for federal question jurisdiction is "the degree to which federal law must be in the forefront of the case and not collateral, peripheral or remote." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813 *n.*11 (1986). The mere mention of rights under the federal constitution does not change the fact that the relief sought in Plaintiffs' petition is determined by state law. As a result, federal jurisdiction is lacking and the case will be remanded to state court.

A separate ground for remand is Defendant Board's refusal to consent to removal. All properly joined defendants must consent to removal of a case from state court to federal court. See Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008). In an attempt to overcome the Board's refusal to consent to removal, Defendant Chasnoff has filed a motion to realign the Board as a plaintiff in this case. Chasnoff asserts that the Board and the officer Plaintiffs both seek to block the release of the documents at issue in this matter. The record does not support Chasnoff's argument. As the Missouri Court of Appeals clearly stated, the Board has unfettered discretion to release the records at any time, and may elect to do so at some future date. Moreover, the Board failed to appeal the circuit court's judgment in the previous case and announced its intention to

---

[1] Chasnoff has filed a motion to dismiss Plaintiffs' claims under § 610.021 *et seq.* Because jurisdiction is lacking in this Court, the motion will need to be resolved upon remand.

comply with the circuit court's judgment and release the records. Plaintiffs in this matter seek an order which would bar the Board from ever releasing these documents. These positions are not merely not aligned, they are diametrically opposed. As a result, I will deny Chansoff's motion to realign the parties.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Chasnoff's motion to realign the parties [#16] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to remand [#12] is **GRANTED**.

**IT IS FURTHER ORDERED that** this case is **REMANDED** to the Circuit Court for the City of St. Louis, Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that the parties each bear their own costs incurred by reason of these removal and remand proceedings.

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of July, 2011.